United States District Court
Southern District of Texas
FILED

JUN - 2 2009

Michael N. Milby, Clerk

DJM

O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **WILLIAM VEVE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. L-08-0133** |
| | § | |
| **BOLT EXPRESS LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending before the Court is "Plaintiff's Unopposed Motion to Intervene." (Dkt. No. 18). In his motion, Plaintiff requests that he be allowed to intervene on behalf of his minor son, Christopher Veve. (*Id.*). For the reasons stated below, the Court has determined that said motion should be GRANTED.

On September 19, 2008, Plaintiff brought the underlying lawsuit against Defendant for alleged physical and emotional injuries resulting from a motor vehicle collision between Plaintiff and Richard Resse, one of Defendant's drivers.[1] (Dkt. No. 12). At the time of the collision, Plaintiff was accompanied by his minor son. (Dkt. No. 18 at ¶ 3.1). Plaintiff now asks the Court to allow him to intervene on his son's behalf and allege additional claims for the physical and emotional injuries suffered by his son. (*Id.* at Ex. A). Plaintiff further asserts that if his request to intervene is not granted, he will have to proceed in a separate lawsuit against Defendant on behalf of his son. (Dkt. No. 18 at ¶ 4). Defendant is unopposed to Plaintiff's motion to intervene. (*Id.*).

---

[1] On October 9, 2008, Defendant removed this case to federal court, based on the diversity of the parties. (Dkt. No. 1).

Federal Rule of Civil Procedure 24(b) provides that "on timely motion," the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[2] Once the threshold matter of a common question of law or fact has been established, it is discretionary with the court whether to allow intervention. *New Orleans Public Service, Inc. v. United Gas Pipe*, 732 F.2d 452, 470-71 (5th Cir. 1984) ("[p]ermissive intervention is 'wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"). Rule 24(b)(3) expressly states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 72 (2nd Cir. 1994).

Here, Plaintiff requests to intervene on behalf of his son, who was a passenger in Plaintiff's vehicle at the time of the collision between Plaintiff and Defendant's driver. (Dkt. No. 18 at ¶ 3.1). Both Plaintiff and his son claim damages for alleged physical and emotional injuries caused by the car accident at issue in Plaintiff's original cause of action. (*See id.* at ¶ 4). Thus, the son's claim shares a common question of fact with the main action. As such, the threshold requirement of Rule 24 is met in this case, and it is now within the Court's discretion

---

[2] Plaintiff failed to specify in his motion whether he was moving to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or for permissive intervention pursuant to Rule 24(b)(2). Under Rule 24(a)(2), on timely motion, the court must permit anyone to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 25(a)(2). Here, it does not appear that denying Plaintiff's request to intervene will impair or impede his son's ability to protect his interest in the underlying cause of action. *See id.* Specifically, Plaintiff's son may file a separate cause of action against Defendant seeking damages for the injuries he allegedly suffered as a result of the car accident at issue in the instant case. (*See* Dkt. No. 18 at ¶ 4). Thus, after reviewing Plaintiff's motion, the Court determines that it should be interpreted as a motion for permissive intervention under Rule 24(b)(2).

to determine whether to permit intervention.[3] *See New Orleans Public Service, Inc.*, 732 F.2d at 470-71.

Furthermore, Rule 24 requires that the motion to amend be "timely." Fed. R. Civ. P. 24(b)(1). However, Rule 24 itself is silent with regard to what exactly constitutes a timely motion. As explained by the Fifth Circuit Court of Appeals, "'[t]imeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970).

In order to provide guidance for determining whether a motion to intervene is "timely," the Fifth Circuit has formulated the following four factors to be considered by the court: 1) the length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene; 2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; 3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; 4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).[4] However, "the timeliness analysis remains 'contextual,' and should not be used as a

---

[3] At a hearing held on May 29, 2009 to address Plaintiff's request to intervene, both Plaintiff and Defendant represented to the Court that they do not anticipate the need for any extensions to the discovery deadlines as a result of the addition of Plaintiff's son as a party to the suit. Thus, the Court does not find that the proposed intervention will cause undue delay or prejudice to the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3).

'tool of retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to apply sooner.'" *Ross*, 426 F.3d at 754 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) (alteration in original). Upon application of the four factors outlined above to the specific facts presented in the case at bar, the Court finds that Plaintiff's motion to intervene was timely.

The first factor examines how much time lapsed between the movant's receipt of actual or constructive knowledge of his interest in the litigation and the filing of his motion to intervene. *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996). Here, Plaintiff presumably knew of his son's interest in the case at the time he filed his original complaint in September of 2008. The son was in the car at the time of the accident, and he allegedly suffered injuries similar to those of Plaintiff. (Dkt. No. 18). Plaintiff waited approximately eight months before requesting to intervene, and he has given no explanation for his delay in filing the motion. Thus, this factor weighs in favor of denying Plaintiff's request to intervene.

The second factor requires a determination of the extent to which Defendant will be prejudiced by Plaintiff's failure to seek intervention at an earlier time. *Ross*, 426 F.3d at 755. Specifically, "[t]his factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed." *Edwards*, 78 F.3d at 1002. Here, it does not appear that Defendant will be prejudiced by Plaintiff's delay in moving to intervene on his son's behalf. This is underscored by Defendant's lack of opposition to the intervention. Additionally, the Court understands that Plaintiff's son has already been deposed in this matter.

[4] The Court recognizes that the four-factor test set out above pertaining to the standard for timeliness arises in the context of decisions that address intervention of right under Rules 24(a). *See Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005); *see also, Librado, et al., v. M.S. Carriers, Inc., et al.*, 2004 WL 287724 at *1 n.2 (N.D. Tex. February 5, 2004) (concluding that, while both intervention of right and permissive intervention require timeliness, the standards for timeliness that apply for the two types of intervention may be different). However, the Court concludes that its best guide in determining the issue of timeliness under permissive intervention is to utilize the same test that the Fifth Circuit has deemed appropriate for intervention of right.

As such, the second factor of the analysis weighs in favor of granting Plaintiff's request to intervene.

The third factor focuses on the potential prejudice to the movant if he is not allowed to intervene. *See John Doe #1 v. Glickman*, 256 F.3d 371, 378-79 (5th Cir. 2001). Here, Plaintiff states that if he is not allowed to intervene he will have to file a separate cause of action against Defendant on behalf of his son. (Dkt. No. 18 at ¶ 4). Presumably, this would result in additional costs to both parties and duplicative discovery efforts. Thus, application of this third factor weighs in favor of granting the motion to intervene.

The fourth factor requires the Court to ascertain whether any unusual factors weigh in favor of a finding of timeliness. *Ross*, 426 F.3d at 756. Here, the fact that Plaintiff himself is attempting to intervene on behalf of his minor son presents an unusual circumstance. Motions to intervene are traditionally brought by outsiders to the lawsuit who have an interest in the cause of action. *See McDonald*, 430 F.2d at 1074 (acknowledging that intervention is intended to protect the rights of unrepresented third parties) (citation omitted). Here, however, Plaintiff, his son, and Defendant have presumably known of Plaintiff's son's interest in the case since the time of the accident in question. As stated earlier, Plaintiff's son has already been deposed. Thus, intervention by Plaintiff on behalf of his son should not come as a surprise to the original parties. Furthermore, because Plaintiff and his son are represented by the same attorney, Plaintiff's son will not suffer from a lack of information regarding this case. Therefore, his addition should result in little, if any, delay to the proceedings.

Taken as a whole, the factors discussed above weigh in favor of a finding of timeliness. Moreover, the Court finds that granting Plaintiff's request to intervene on his son's behalf will not "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ.

P. 24(b)(3). Accordingly, "Plaintiff's Unopposed Motion to Intervene" (Dkt. No. 18) is GRANTED.

IT IS SO ORDERED.

SIGNED this 2nd day of June, 2009.

J. SCOTT HACKER
United States Magistrate Judge

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**